1   **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9   First Ascent Ventures, Inc.,          )    No. CV 06-1794-PHX-JAT
                                           )
10           Plaintiff/counter-defendant,  )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    DLC Dermacare, LLC,                    )
13                                         )
             Defendant/counter-claimant.   )
14                                         )
                                           )
15  _____)

16      Pending before the Court is Plaintiff/counter-defendant's Motion for Leave to File

17  Second Amended Complaint (doc. #18) pursuant to Federal Rule of Civil Procedure 15(a).

18  The motion seeks to add an additional Plaintiff, First Ascent Lone Tree, Inc. and such

19  Plaintiff's claims.

20  / / /

21

22

23

24

25

26

27

28

1  **I.      INTRODUCTION**

2          First Ascent Ventures Inc. ("First Ascent") is the Plaintiff/counter-defendant.

3  Plaintiff/counter-defendant is a former franchisee of Dermacare that owned and operated a

4  Dermacare retail skin care clinic in Cherry Creek, Colorado.  Dermacare is the

5  Defendant/counter-claimant.  Defendant/counter-claimant, is an Arizona limited liability

6  company headquartered in Scottsdale. In April 2005, Plaintiff/counter-defendant entered into

7  a Clinic Franchise Agreement ("CFA") and a Master Regional Franchise Agreement

8  ("MRFA") with Defendant/counter-claimant. Then in August, 2005, First Ascent Lone Tree,

9  Inc. ("Lone Tree"), another entity controlled by the principals of First Ascent, and

10  Defendant/counter-claimant entered into a CFA pursuant to which Lone Tree owned and

11  operated a Dermacare retail skin care clinic in Lone Tree, Colorado.

12          On July 10, 2006, Plaintiff/counter-defendant sent Defendant/counter-claimant a

13  notice of default letter that alleges that Defendant/counter-claimant had failed to provide any

14  advertising support and then completely cut off all communications.  In response,

15  Defendant/counter-claimant declared the agreements terminated as of July 17, 2006.

16  Thereafter, on July 18, 2006, Plaintiff/counter-defendant filed complaint on behalf of First

17  Ascent seeking; equitable rescission of the franchise agreements entered into with

18  Defendant/counter-claimant, a judgment declaring those agreements to have been rescinded

19  and that Plaintiff/counter-defendant is excused and discharged from further performance

20  under the agreements as a result of Defendant/counter-claimant's alleged material breaches

21  of the agreements.  The complaint also seeks to enjoin Defendant/counter-claimant from

22  enforcing post-termination covenants. Plaintiff/counter-defendant did not name Lone Tree,

23  as a plaintiff in the initial complaint. On July 20, 2006, the Court issued an Order to Show

24  Cause *sua sponte* requiring Plaintiff/counter-defendant to file an amended complaint in order

25  to correct a jurisdictional pleading deficiency.  Then on July 21, 2006, Plaintiff/counter-

26  defendant filed Motion for Preliminary Injunction to enjoin Defendant/counter-claimant from

27  enforcing post-termination covenants.

28

1    Defendant/counter-claimant filed complaint in the District Court of Colorado, Douglas

2    County on July 21, 2006 against Lone Tree and its principals, Peter Hill, Elizabeth Hill,

3    Randal Dick and Laura Dick, to enjoin them from allegedly breaching the post-termination

4    restrictive covenant contained in the Lone Tree CFA.  Thus, Defendant/counter-claimant

5    alleges that the Colorado Action is the first-filed lawsuit between Dermacare and Lone Tree.

6    On August 1, 2006, Defendant/counter-claimant filed a Counterclaim for Injunctive

7    Relief requesting an injunction to restrain Plaintiff/counter-defendant and its owners from

8    continuing to violate the covenants not to compete and other contractual post-termination

9    obligations.  Defendant also filed Motion to Dismiss Plaintiff's First Amended Complaint

10   on August 1, 2006.  Trial on injunctive relief (incorporating therein the cross-motions for

11   preliminary injunction) is set for October 11, 2006.

12   Plaintiff/counter-defendant alleges that the omission of Lone Tree as a plaintiff in the

13   Arizona Complaint was purely an oversight and that the July 10 default letter had put

14   Defendant/counter-claimant on notice that Plaintiff/counter-defendant's counsel was

15   asserting claims on behalf of both First Ascent and Lone Tree.  Therefore, on August 11,

16   2006, Plaintiff/counter-defendant filed Motion for Leave to File Second Amended Complaint

17   to add Lone Tree as a plaintiff in order to fully adjudicate the rights of First Ascent, Lone

18   Tree and their common owners; Peter Hill, Elizabeth Hill, Randal Dick and Laura Dick, in

19   a single action.

20   Plaintiff/counter-defendant alleges that Lone Tree was originally inadvertently

21   omitted because, at the time of the filing of the initial complaint, its counsel, André H.

22   Merrett, was not aware of the existence of the CFA entered into by Lone Tree and

23   Defendant/counter-claimant.  Plaintiff/counter-defendant alleges that the only agreements

24   that Mr. Merrett had available to him while preparing First Ascent's initial complaint were

25   the MRFA and the CFA entered into by First Ascent and Dermacare on April 21, 2005.  Mr.

26   Merrett avers that if he would have been aware of the existence of the Lone Tree CFA, then

27   Lone Tree would have been named as a plaintiff in the initial complaint.  (Merrett Affidavit

28   ¶ 6.)  Additionally, Plaintiff/counter-defendant makes the argument that, under Rule 15(a),

1  the Second Amended Complaint could be considered authorized without leave of court or

2  written consent of Defendant/counter-claimant because Defendant/counter-claimant has not

3  yet served a responsive pleading and because the First Amended Complaint was prompted

4  by the Court's order regarding the jurisdictional defect and therefore it was not filed as a

5  "matter of course." Fed. R. Civ. P. 15(a).  In contrast, Defendant/counter-claimant claims

6  that Plaintiff/counter-defendant did not make a mistake concerning the identity of Lone Tree.

7  On August 9, 2006, Plaintiff/counter-defendant filed a motion to stay in the Colorado

8  Action to enable all of the parties to resolve all claims and defenses in a single action.

9  Subsequently, on August 16, 2006, the Honorable Thomas J. Curry of the District Court of

10  Colorado, Douglas County issued a Minute Order in *DLC Dermacare, LLC v. First Ascent*

11  *Lone Tree, Inc., et al.*, No. 2006-CV-1754.  (Doc. #22).  The Minute Order states that the

12  Colorado court will defer ruling on Plaintiff/counter-defendant's motion to stay proceedings

13  pending ruling by this Court on Plaintiff/counter-defendant's Motion for Leave to File

14  Second Amended Complaint.

15  **II.    LEGAL STANDARDS**

16  **A.    Rule 15(a)**

17  Rule 15(a) provides in pertinent part:

18  A party may amend the party's pleading once as a matter of
course at any time before a responsive pleading is served or, if
19  the pleading is one to which no responsive pleading is permitted
and the action has not been placed upon the trial calendar, the
20  party may so amend it at any time within 20 days after it is
served.  Otherwise a party may amend the party's pleading only
21  by leave of court or by written consent of the adverse party; and
leave shall be freely given when justice so requires.

22

23  Fed. R. Civ. P. 15.  Although the decision whether to grant or deny a motion to amend is

24  within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely

25  given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S.

26  178, 182 (1962).  "In exercising its discretion with regard to the amendment of pleadings

27  'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the

28  merits rather than on the pleadings or technicalities.' . . . .  Thus, 'Rule 15's policy of

- 4 -

1  favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v.*

2  *Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)(citations omitted).   "Generally, this

3  determination should be performed with all inferences in favor of granting the motion."

4  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs,*

5  *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

6          The liberal policy in favor of amendments, however, is subject to limitations.

7  Whether to grant a motion to amend depends on the following factors: (1) undue delay, (2)

8  bad faith, (3) prejudice to the opposing part, (4) futility of amendment, and (5) whether

9  plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*,

10  951 F.2d 200, 204 (9th Cir. 1991).   The most important of these factors is prejudice to the

11  opposing party. *U.S. v. Pend Oreille Public Utility Dist., No. 1*, 926 F.2d 1502, 1511 (9th

12  Cir. 1991).   "The party opposing amendment bears the burden of showing prejudice[,]"

13  futility, or one of the other permissible reasons for denying a motion to amend. *DCD*

14  *Programs,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.

15  1988) (stating that leave to amend should be freely given unless opposing party makes "an

16  affirmative showing of either prejudice or bad faith").

17          Prejudice can result where a defendant would be forced to participate in additional

18  discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).   Extending

19  discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d

20  1132, 1139 (9th Cir. 1998).   Regarding futility, "[a] district court does not err in denying

21  leave to amend where the amendment would be futile . . . or would be subject to dismissal."

22  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller*

23  *v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may

24  be denied if it appears to be futile or legally insufficient."  (citation omitted)).   Similarly, a

25  motion for leave to amend is futile if it can be defeated on a motion for summary judgment.

26  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).   "However, a

27  proposed amendment is futile only if no set of facts can be proved under the amendment to

28

1  the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d

2  at 214.

3      In this case, the Court will permit Plaintiff to amend its complaint.  First, there has not

4  been undue delay.  Less than one month passed between the filing of Plaintiff/counter-

5  defendant's original complaint and Plaintiff/counter-defendant's Motion for Leave to File

6  Second Amended Complaint.  Second, there is no evidence of bad faith on the part of

7  Plaintiff.  Third, Defendant has not shown that it would be unfairly prejudiced.  The proposed

8  Second Amended Complaint arises out of the same transaction and events as alleged in the

9  original Complaint.  As to the fourth element, the Court withholds a finding on the issue of

10 futility at this time because futility is inextricably intertwined with the pending motion to

11 dismiss and the pending cross-motions for preliminary injunctions.  Fifth, Plaintiff/counter-

12 defendant previously amended its complaint.  However, the Court issued the Order to Show

13 Cause *sua sponte* requiring Plaintiff/counter-defendant to file an amended complaint in order

14 to correct a jurisdictional pleading deficiency.  Additionally, granting the Motion for Leave

15 to File Second Amended Complaint would allow all of the issues between all of the parties

16 to be adjudicated in one place.  Accordingly, leave to amend is proper under Rule 15(a)

17      **B.      Rule 15(c)(3)**

18      Rule 15(c)(3) provides:

19          An amendment of a pleading relates back to the date of the
            original pleading when . . . the amendment changes the party or
20          the naming of the party against whom a claim is asserted if [the
            claim or defense asserted in the amended pleading arose out of
21          the conduct, transaction, or occurrence set forth or attempted to
            be set forth in the original pleading] and, within the period
22          provided by Rule 4(m) for service of the summons and
            complaint, the party to be brought in by amendment (A) has
23          received notice of the institution of the action that the party will
            not be prejudiced in maintaining a defense on the merits, and
24          (B) knew or should have known that, but for a mistake
            concerning the identity of the proper party, the action would
25          have been brought against the party.

26 Fed. R. Civ. P. 15.  "The Advisory Committee Note to the 1966 Amendment to Rule 15(c)

27 observes that '[t]he relation back of amendments changing plaintiffs is not expressly treated

28 in revised Rule 15(c) since the problem is generally easier' and goes on to comment that 'the

1   attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to

2   amendments changing Plaintiffs.'" *Immigrant Assist. Proj. of Los Angeles County Fed'n of*

3   *Labor v. INS*, 306 F.3d 842, 857 (9th Cir. 2002).

4   Here, the proposed amended adds a plaintiff.  Nevertheless, the omission of Lone Tree

5   by Plaintiff/counter-defendant was a mistake.  Additionally, Plaintiff/counter-defendant

6   moved to amend and put Defendant/counter-claimant on notice of the to-be-added Plaintiff

7   within the time provided by Rule 4(m).  Further, based on the July 10, 2006 letter,

8   Defendant/counter-claimant knew Lone Tree was also asserting claims; thus

9   Defendant/counter-claimant is not prejudiced by having Lone Tree added as a plaintiff.  Also,

10  based on said letter, Defendant/counter-claimant should have known that, but for

11  Plaintiff/counter-defendant's Counsel's mistake, Lone Tree would have been named as a

12  plaintiff.  Thus, because the Second Amended Complaint meets the test for relation back

13  under Rule 15(c)(3), this case is deemed to be the first filed action.

14  **II.      CONCLUSION**

15  Based on the foregoing,

16  **IT IS ORDERED** that Plaintiff/counter-defendant's Motion for Leave to File Second

17  Amended Complaint (doc. #18) is **GRANTED** without prejudice to Defendant/counter-

18  claimant filing a second motion to dismiss and/or cross motion for preliminary injunction as

19  to the newly added Plaintiff, specifically addressing the arguments raised with respect to

20  futility.

21  **IT IS FURTHER ORDERED** that nothing in this order shall be deemed as a finding

22  that the amendment was not futile.

23  **IT IS FURTHER ORDERED** that Plaintiffs shall file the Second Amended

24  Complaint by September 28, 2006.

25  **IT IS FURTHER ORDERED** that Plaintiffs shall file any motion for preliminary

26  injunction that relates to Lone Tree by September 28, 2006.

27

28

1    **IT IS FURTHER ORDERED** that Defendant/counter-claimant shall file any motion

2    to dismiss or any cross motion for preliminary injunction by October 3, 2006; responses are

3    due by noon, Friday October 6, 2006; replies are due by 9:00 a.m., October 10, 2006.

4    **IT IS FURTHER ORDERED** that due to the October 11, 2006 trial date, no

5    extensions of these deadlines may be requested nor would they be granted.

6    DATED this 27th day of September, 2006.

7

8

9                                    _____
                                     James A. Teilborg
10                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28