**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Ascent Ventures Inc., a Colorado corporation; First Ascent Ventures Lone Tree, Inc., a Colorado corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>DLC Dermacare LLC, and Arizona limited liability company,<br><br>  Defendant. | No. CV06-1794-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the Defendant/Counterclaimant's Motion for Attorneys' Fees (Doc.#91) and the Plaintiffs/Counterdefendants' Motion for Review of the Clerk's Taxation-of-Cost Order (Doc.#106). The Court now rules on the motions.

I.  BACKGROUND

Defendant/Counterclaimant DLC Dermacare, LLC ("Dermacare") authorizes and licenses franchise rights to Dermacare's proprietary system for operating laser skin care retail clinics. Plaintiffs/Counterdefendants Peter Hill, Elizabeth Hill, Randal Dick, and Laura Dick (collectively the "Owners") own both Plaintiff Colorado corporations, First Ascent Ventures, Inc. ("Ventures"), and First Ascent Ventures Lone Tree, Inc. ("Lone Tree"). Both Ventures and Lone Tree entered into franchise agreements with Dermacare in order to operate

Dermacare clinics in Colorado.

Plaintiffs brought suit against Dermacare alleging five causes of action after a deterioration in the franchise relationship. Dermacare counterclaimed, asserting two causes of action against Plaintiffs/Counterdefendants. After a three-day bench trial, this Court held that: (1) Counterdefendants breached, and continue to breach the covenant not to compete provisions in their contracts, (2) those provisions are enforceable at law, and (3) Dermacare suffered irreparable harm as a result of the breach. However, the Court refused to grant an injunction to Dermacare, based on the covenant not to compete provisions, as a result of its "unclean hands" and bad faith. Among other things, the Court found that Dermacare attempted to coerce the Hills into signing highly restrictive amendments to the contract, threatened the Hills with financial ruin if litigation pursued, and ordered Dermacare employees to have no contact with Counterdefendants.

This Court also held that: (1) Counterdefendants continued to use the Dermacare name, logo, confidential operating materials and telephone numbers in violation of the contract, and (2) since the contract itself remained intact, several of Counterdefendants' claims failed to invoke the appropriate jurisdiction due to an arbitration clause. Subsequently, the Court granted a partial injunction to Dermacare in order to enjoin Counterdefendants from using the Dermacare name, logo, confidential operating materials and telephone numbers. Dermacare's Partial Motion to Dismiss the Plaintiff's Second Amended Complaint (Doc.#53) was also granted, for a lack of subject matter jurisdiction in matters requiring arbitration. The Court denied Dermacare's Motion for Judgment as a Matter of Law and/or New Trial (Doc.#92) following the bench trial. Dermacare filed the present Motion for Attorneys' Fees.

II.   DISCUSSION

A.   Breach of Contract Action

Under Arizona law, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). However, subsection (A) also provides that "[t]his section shall in no manner be

1 construed as altering, prohibiting or restricting present or future contracts or statutes that may
2 provide for attorney fees." *Id.* Arizona case law also recognizes that "[a]n attorneys' fees
3 provision contained in a contract controls to the exclusion of the Arizona Revised Statutes
4 ('A.R.S.') governing attorneys' fees." *Gametech Int'l, Inc. v. Trend Gaming Syst., L.L.C.,* 380
5 F. Supp. 2d. 1084, 1089 (D. Ariz. 2005).

   B.  Prevailing Party

Dermacare correctly states that "because the parties contractually agreed that the Court ***"shall"*** award attorneys' fees to the prevailing party[,]" the Court need not consider the six factor test used to determine whether an award of attorneys' fees is appropriate (emphasis in original). (Doc.#101 at 4). Nonetheless, the Court remains in a position to determine whether Dermacare "prevailed" in the litigation, an issue disputed by the parties.[1]

The prevailing party analysis does become more difficult to apply in a case such as this, where the totality of the litigation centers on injunctive relief instead of monetary judgments. *See Watson Constr. Co. v. Amfac Mortgage Corp.*, 606 P.2d 421, 436 (Ariz. Ct. App. 1980). Under Arizona law, to determine which party prevailed, the Court considers the "totality of circumstances and the relative success of the litigants" or, more simply, the "totality of the litigation." *McEvoy v. Aerotek, Inc.*, 34 P.3d 979, 983 (Ariz. Ct. App. 2001) (citing *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1262 (Ariz. Ct. App. 1992)); *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984).

Arizona law also provides guidance in cases where no clear prevailing party exists, such as mixed-results cases where each party succeeds on some claims or defenses, but not others. Counterdefendant cites *Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 2 P.3d 1276 (Ariz. Ct. App. 2000), which this Court finds instructive. In that case, the HOA-plaintiff sought a mandatory injunction based on owner-defendants' violations of subdivision Covenants, Conditions & Restrictions ("CC&Rs"). *Id.* at 1278. The court upheld a finding

---

[1] Arizona courts use the terms "successful" and "prevailing" interchangeably. *E.g. Burris v. City of Phoenix*, 875 P.2d 1340 (Ariz. Ct. App. 1994) (applying § 12-341.01 and using the term "prevailed").

- 3 -

1 that defendants had violated the covenants, but because the plaintiff acted arbitrarily and
2 unreasonably, an award of attorneys' fees was denied to both parties on the basis that neither
3 party "prevailed" under the attorneys' fees provision of the CC&R. *Id.* at 1282. Despite
4 minor differences that Dermacare calls to this Court's attention, including the fact that the
5 HOA-plaintiff did not obtain any injunctive relief and the owners-defendants did not assert
6 any claims of their own, the idea that both parties won some and lost some remains relevant.

7 Other Arizona case law supports denial of fees in similar cases where no clear
8 successful party exists. *E.g. Bank One, Arizona v. Rouse*, 887 P.2d 566, 571 (Ariz. Ct. App.
9 1994) (affirming denial of fees when the verdict favored one party in part and the other party
10 in part, leaving "no clear successful party"); *Burris v. City of Phoenix*, 875 P.2d 1340, 1349
11 (Ariz. Ct. App. 1994) (affirming denial of fees when the requesting party prevailed in only
12 some aspects of the litigation); *Morris v. Achen Constr. Co.*, 747 P.2d 1206, 1210 (Ariz. Ct.
13 App. 1986) (affirming denial of fees on the basis that no party prevailed because the "dispute
14 ended in a draw"), *vacated in part on other grounds*, 747 P.2d 1211 (Ariz. 1987).

15 Both parties received some relief as a result of this litigation. In pertinent part,
16 Plaintiffs/Counterdefendants received permission to continue the operation of retail stores
17 in violation of the covenant, which was the crux of the Plaintiffs' case. Dermacare also found
18 relief in the form of an injunction prohibiting Counterdefendants from using the Dermacare
19 name, logo, confidential operating materials, and telephone numbers. But, in many ways,
20 this constituted an empty victory because Plaintiffs/Counterdefendants apparently had ceased
21 use of those items by the date of judgment. Both parties avoided any adverse monetary
22 judgment. This Court, having presided over the three-day bench trial and with the benefit
23 of access to the many pleadings and motions made by the parties throughout the litigation,
24 finds that Dermacare did not prevail on the "totality of the litigation."[2]  *All American.*, 736
25 F.2d at 532. The Court therefore denies Dermacare's Motion for Attorneys' Fees.

---

27,28 [2]Accordingly, this Court makes no finding as to the reasonableness of Dermacare's attorneys' fees under Arizona law.

- 4 -

Plaintiffs/Counterdefendants seek review of the Clerk's Taxation of Costs Order, awarding taxation on the Bill of Costs to Dermacare in the amount of $9,327.51, for the same reasons they oppose the Motion for Attorneys' Fees. Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Because Plaintiffs/Counterdefendants timely appealed the clerk's order, and based on the above finding that no party prevailed, the Court recognizes the inadvertent error made by the clerk and denies taxation of costs to Dermacare.

Based on the foregoing,

IT IS ORDERED denying Defendant/Counterclaimant's Motion for Attorneys' Fees (Doc.#91).

IT IS FURTHER ORDERED granting Plaintiffs/Counterdefendants' Motion for Review of the Clerk's Taxation-of-Cost Order (Doc. # 106).

IT IS FURTHER ORDERED that the Clerk's Taxation of Costs Order (Doc.#103) is vacated.

DATED this 26th day of June, 2007.

James A. Teilborg
United States District Judge